FEDERAL DISTRCIT COURT FOR THE DISTRICT OF RHODE ISLAND

Alex O'Neil,

  Plaintiff,

  vs.

Viking Collection Service, Inc.,
Ginny Hill, alias
Joe Mason, alias
Amy Hall, alias

  Defendants.

**CA11- 461**

11-

**Jury Trial Requested**

---

## <u>Complaint</u>

### Introduction

1. The Plaintiff brings the individual Counts 1-3 of this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect a debt from him in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").  On those Counts the Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

2. The Plaintiff brings the individual Count 4 alleging the Defendants' conduct while attempting to collect the debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq*. ("DTPA"). On that Count the Plaintiff seeks statutory damages, actual damages, costs, attorney fees, and punitive damages under the DTPA.

1

3.    The Plaintiff brings Count 5 seeking class certification for his allegation that Defendant Viking violated the federal FDCPA as to him, and all other people in Rhode Island who it attempted to collect any debt from in the past year, by acting as a debt collector without a debt collection license issued by Rhode Island Department of Business Regulation (DBR) as required by RIGL 9-14.9-12.  On the class Count, he seeks statutory damages, costs and attorney fees as well as a declaratory judgment that Viking violates the FDCPA when it acts as a debt collector in Rhode Island without a debt collection license from the Rhode Island DBR.

### Jurisdiction and Venue

4.    This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

5.    This Court has supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

6.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone and U.S. Mail, in this District.

## Parties

7.  Plaintiff Alex O'Neil is an adult resident of the municipality of Providence, County of Providence, State of Rhode Island.

8.  The Defendant Viking Collection Service, Inc. (Viking) is a Minnesota corporation with its principal place of business located at 7500 Office Ridge Circle, Suite 100 Eden Prairie, MN, 55344.

9.  The Defendants Ginny Hill, alias, Joe Mason, alias, and Amy Hall, alias are employees or agents of Viking whose true identity is unknown to the Plaintiff but known, or knowable, to Viking.

## Facts Common To All Counts

10.  The Defendant Viking is not registered with the Rhode Island Secretary of State to do business in Rhode Island.

11.  At all times relevant to this Complaint, Viking was engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone and U.S. Mail to communicate with residents of Rhode Island.

12.  At all times relevant to this Complaint, the Defendants Ginny Hill, Joe Mason and Amy Hall were engaged in the business of regularly collecting Debts, originally owed to third parties, using the telephone to communicate with residents of Rhode Island.

3

13.     At all times relevant to this Complaint, Viking was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

14.     At all times relevant to this Complaint, Ginny Hill, Joe Mason, and Amy Hall were each a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

15.     Within the past year, Viking mailed at least one letter to the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

16.     Within the past year, Viking placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

17.     Within the past year Ginny Hill, Joe Mason  and Amy Hall each placed at least one phone call to the Plaintiff, and/or engaged in at least one telephone conversation with, the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from the Plaintiff.

18.     The alleged debt that gave rise to the telephone calls arose from purchases of goods primarily for personal, family or household purposes. (Hereinafter the alleged debt shall be referred to simply as the Debt.)

19. The Debt was originally owed to Chase Bank USA, NA, or Heritage Chase.

20. The Debt was incurred through the use of a credit card bearing the name Chase Bank name and/or a Chase logo.

21. When it placed the calls to the Plaintiff, and when it mailed the letter to the Plaintiff, Viking did not hold a license from the Rhode Island Department of Business Regulations to engage in the business of a debt collection in Rhode Island.

22. In the year preceding the filing of this lawsuit, Viking did not hold a license from the Rhode Island Department of Business Regulations to engage in the business of a debt collection in Rhode Island.

23. A true and accurate copy of the application Viking would have had to complete and submit to the Department of Business Regulation to obtain a debt collection license is attached, and incorporated into this Compliant, as Exhibit A.

24. Viking failure to obtain a license put it in violation of the requirements contained in Rhode Island General Law 19-14.9-12.

25. Because it failed to submit itself to the licensure process, the State of Rhode Island was deprived of its authority to determine the suitability of Viking to engage in the business of collecting debts in Rhode Island from Rhode Island residents.

26.   The Rhode Island Department of Business Regulation (DBR) maintains a public list of licensed debt collectors.

27.   Because it failed to submit itself for licensure, Viking was not included on the list.

28.   Because it failed obtain a license, the Plaintiff and all Rhode Island residents were deprived of their statutorily granted ability to check the list and therefore easily whether Viking was a properly licensed, and therefore presumably legitimate, debt collection agency.

29.   Because it failed obtain a license, the Plaintiff and all Rhode Island residents were deprived of their statutorily granted ability to check the list and easily identify Vikings legal name, address and registered agent.

30.   Because it also failed to register with the Rhode Island Secretary of State to do business in Rhode Island, the Plaintiff and all Rhode Island residents were deprived of the ability to easily identify Viking's legal name, address and registered agent.

31.   By attempting to collect the Debt from the Plaintiff, the Defendants were representing to him that they were licensed to engage in the business of debt collection in Rhode Island.

32.     That representation was false and/or misleading.

33.     By attempting to collect any consumer debts from any Rhode Island Residents within the past year, Viking was representing to them that it was licensed to engage in the business of debt collection in Rhode Island.

34.     All of those representations were false and/or misleading.

**October 5, 2010 - Letter**

35.     On or about October 5, 2010, Viking mailed the Plaintiff a letter attempting to collect the Debt.

**October 5, 2010 - Voice Mail**

36.     On October 5, 2010, Viking left a message on the Plaintiff's voice mail in an attempt to collect the Debt.

37.     On October 5, 2010, Ginny Hill left a message on the Plaintiff's voice mail in an attempt to collect the Debt.

38.     In the voice mail on October 5, 2010, neither Viking nor Ginny Hill identified themselves as debt collectors.

39.     In the voice mail on October 5, 2010, neither Viking nor Ginny Hill meaningfully identified themselves or the purpose of their call.

**October 7, 2010 - Voice Mail**

40.    On October 7, 2010, Viking left a message on the Plaintiff's voice mail in an attempt to collect the Debt.

41.    On October 7, 2010, Ginny Hill left a message on the Plaintiff's voice mail in an attempt to collect the Debt.

42.    In the voice mail on October 7, 2010, neither Viking nor Ginny Hill identified themselves as debt collectors.

43.    In the voice mail on October 7, 2010, neither Viking nor Ginny Hill meaningfully identified themselves or the purpose of their call.

**October 8, 2010 – Unanswered Phone Call**

44.    On October 8, 2010, Viking called the Plaintiff attempting to collect the debt.

45.    The Plaintiff did not answer the call and Viking did not leave a message.

**October 9, 2010 – Voice Mail and Telephone Conversation**

46.    On October 9, 2010, Viking left a message on the Plaintiff's voice mail in an attempt to collect the Debt.

47.    On October 9, 2010, Ginny Hill left a message on the Plaintiff's voice mail in an attempt to collect the Debt.

48.     In the voice mail on October 9, 2010, neither Viking nor Ginny Hill identified themselves as debt collectors.

49.     In the voice mail on October 9, 2010, neither Viking nor Ginny Hill meaningfully identified themselves or the purpose of their call.

50.     On October 9, 2010, the Plaintiff responded to the voice mail left for him that day and engaged in a conversation with Viking, through its agent or employee Ginny Hill.

51.     In that conversation, Ginny Hill told the Plaintiff the conversation was being recorded.

52.     In that conversation, Ginny Hall pressed the Plaintiff to enter into a payment plan for the Debt.

53.     In that conversation, the Plaintiff explained he could not pay the Debt.

### October 12, 2010 – Telephone Conversation

54.     On or about October 12, 2010, Viking called and spoke with the Plaintiff in an attempt to collect the Debt.

55.     On or about October 12, 2010, Ginny Hall called and spoke with the Plaintiff in an attempt to collect the Debt.

56.    In that conversation, Ginny Hill told the Plaintiff the call was being recorded.

57.    Ginny Hall then again pressed the Plaintiff to enter into a payment plan for the Debt.

58.    The Plaintiff again explained he could not afford to pay the Debt.

**October 13, 2010 – Telephone Conversation**

59.    On October 13, 2010, Viking placed a call attempting to collect the Debt.

60.    On October 13, 2010, Joe Mason placed a call attempting to collect the Debt.

61.    The call on October 13, 2010 was placed to the Plaintiff's partner's cell phone.

62.    The Plaintiff spoke with Viking, through its agent or employee Joe Mason, on October 13, 2010.

63.    In that conversation, the Plaintiff stated he had just spoken with someone from Viking.

64.    Joe Mason responded by saying he knew the Plaintiff had just spoken with someone from Viking but he was calling because the Plaintiff had not set up a payment plan.

65.    Joe Mason then pressed the Plaintiff to enter into a payment plan for the Debt.

10

66.   The Plaintiff again stated he could not afford to pay the Debt.

67.   The Plaintiff explicitly stated he could not afford to pay anything on the Debt.

### October 19, 2010 – Voice Mail

68.   On October 19, 2010, Viking left a message on the Plaintiff's voice mail in an attempt to collect the Debt.

69.   On October 19, 2010, Amy Hall left a message on the Plaintiff's voice mail in an attempt to collect the Debt.

70.   In the voice mail on October 19, 2010, neither Viking nor Amy Hall identified themselves as debt collectors.

71.   In the voice mail on October 19, 2010, neither Viking nor Amy Hill meaningfully identified themselves or the purpose of their call.

### October 20, 2010 – Telephone Conversation

72.   On October 20, 2010, the Plaintiff spoke with Viking, through its agent or employee Amy Hall, regarding the Debt.

73.   In that conversation, Amy Hall told the Plaintiff the call was being recorded.

74.   The Plaintiff again explained he could not afford to pay the Debt.

11

75.    The Plaintiff told Amy Hall that he had spoken with at least two other people from Viking and that he had told them he could not afford to pay the Debt.

76.    Amy Hall responded that is why the issue had been assigned to her.

77.    Amy Hall then pressed the Plaintiff to enter into a payment plan for the Debt.

78.    The Plaintiff again explained he could not afford to pay the Debt or enter into a payment plan.

**Collection Efforts After October 2010**

79.    After October 2010, Viking called the Plaintiff on more than one additional occasion attempting to collect the Debt.

**Count 1**

**Individual Claim**

**Federal FDCPA – Harassment/Abuse – All Defendants**

80.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

81.    The Defendants violated the restrictions the FDCPA imposes on them prohibiting then from harassing and/or abusing the Plaintiff.

82.    The restrictions are codified at 15 USC 1692(d).

83.    The Defendant did the following which the Plaintiff asserts gave rise to the violations:

   a.  Caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the number called in violation of 15 USC 1692(d)(5);

   b.  Engaged the Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass him in violation of 15 USC 1692(d)(5); and

   c.  As to Defendants Viking and Ginny Hill only, placed a phone call without meaningfully disclosing their identity in violation of 15 USC 1692(d)(6);

84.    The Plaintiff suffered damages as a result of the conduct described in this Count.

   **Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 2

### Individual Claim

### Federal FDCPA–False/Misleading Representations–Defendants Viking and Ginny Hall

85.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

86.    The Defendants Viking and Ginny Hall violated the restrictions the FDCPA imposes on them prohibiting then from making false and/or misleading representations.

87.    The restrictions are codified at 15 USC 1692(e).

88.    The Defendants did the following which the Plaintiff asserts gave rise to the violations:

    a.    The Defendants Viking and Ginny Hill failed to include a "mini-Miranda warning" disclosing the purpose of the voice mail messages they left for the Plaintiff, in violation of 15 USC 1692(e)(11); and

    b.    As to the Defendant Viking only, falsely and/or misleadingly represented to the Plaintiff that it was licensed to engage in the business of debt collection in Rhode Island in violation of 15 USC 1692(e) and (e)(10).

89.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against Defendants Viking and Ginny Hall for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 3

### Individual Claim

### Federal FDCPA – Unfair Practices – All Defendants

90.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

91.    The Defendant Viking violated the restrictions the FDCPA imposes on it prohibiting it from using unfair or unconscionable means while attempting to collect a debt.

92.    The restrictions are codified at 15 USC 1692(f).

93.    The Defendants did the following which the Plaintiff asserts gave rise to the violations:

a.    Repeatedly pressed the Plaintiff to enter into a repayment plan for the Debt within days after the Plaintiff had explained he could not afford to pay the Debt or enter a repayment plan in violation of 15 USC 1692(f); and

b.  As to the Defendant Viking only, engaged in the business of debt collection in Rhode Island while not holding a debt collection license issued by the Rhode Island Department of Business Regulation in accordance with Rhode Island law and while not being registered with the Rhode Island Secretary of State to do business in Rhode Island in violation of 15 USC 1692(f).

94.  The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 4

### Individual Claim

### State Deceptive Trade Practice – All Defendants

95.  The Plaintiff reasserts the facts and allegations contained in all of the prior paragraphs and incorporates them into this Count.

96.  Ginny Hill, Joe Mason, and Amy Hall, placed a call, or calls, to the Plaintiff while acting within the scope of their employment with Viking and in furtherance of Viking's business interests.

16

97.   Viking did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way Ginny Hill, Joe Mason and Amy Hall behaved towards the Plaintiff.

98.   Viking's conduct, and the conduct of its agents, as described in this Complaint constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(6)(xiii).

99.   Viking's conduct as described in this Complaint was prohibited by the DTPA at RIGL 6-13.1-2.

100.  Viking's conduct as described in this Complaint was deliberate, and/or outrageous, and/or reckless.

101.  As a result of Viking's conduct, the Plaintiff suffered damages including mental pain and attorney fees.

**Wherefore**, the Plaintiff requests judgment against each Defendant for 1) actual damages pursuant to RIGL 6-13.1-5.2(a); 2) statutory damages in the amount of $200 pursuant to RIGL 6-13.1-5.2(a); 3) costs and attorney fees pursuant to RIGL 6-13.1-5.2(d); 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

**Count 5**

**Class Action Claim**

**Federal FDCPA – Unfair and/or Deceptive Practices –Defendant Viking**

102.    The Plaintiff reasserts the facts and allegations contained in all of the prior paragraphs and incorporates them into this Count.

103.    The Plaintiff brings this Count on behalf of himself and the class of all persons similarly situated pursuant to Fed. R. Civ. P. 23.

104.    Viking contacted numerous people in Rhode Island in the prior year while attempting to collect consumer debts.

105.    By contacting the people it was representing to them that it was duly licensed to engage in the business of debt collection in Rhode Island.

106.    Those representations were false and/or misleading.

107.    By making those representations, Viking violated 15 USC 1692(f).

108.    By making those representations Viking violated of 15 USC 1692(e) and (e)(10).

109.  The people who Viking contacted were damaged by the false and/or misleading representations because they were denied their right under Rhode Island law to easily identify Viking's legal name, address and registered agent.

110.  The people who Viking contacted were damaged by the false and/or misleading representations because they were denied their right under Rhode Island law to have Viking vetted by the debt collection licensure process established under Rhode Island law, specifically RIGL 9-14.9-12.

111.  This Court has the authority to issue declaratory relief affirming that Viking violates the FDCPA when it attempt to collect consumer debts from people in Rhode Island while it lacks a debt collection license from the Rhode Island DBR.

112.  **Class**: The Class consists of everyone Viking contacted in Rhode Island while attempting to collect a debt, as that term is defined in 15 USC (a)(5) and which arose in Rhode Island, at any time within the year immediately prior to the filing of this lawsuit.

113.  **Class Exclusions**: Excluded from the Class are:

   a.  Viking's, officers, directors, employees, agents and legal representatives; and

   b.  Viking's parents entities, affiliate entities and subsidiary entities as well as their officers, directors, employees, agents and legal representatives; and

c. Any justice, judge and/or magistrate of the United States who may hear this case and everyone related to them as defined in 28 USC 455(b).

114. **Numerosity**: In the past year Viking attempted to collect debts arising from the use of credit cards issued by Chase Bank and/or an affiliate of Chase bank making the Class so numerous and dispersed that joining all its members in this lawsuit is impracticable. The exact number of Class members is unknown to the Plaintiff but can be determined by Viking through its computer-accessible records.

115. **Commonality of Legal Issue**: The one substantial question of law that is common to all Class members is whether, by contacting people in Rhode Island while attempting to collect debts while it did not hold a debt collection license from the Rhode Island DBR, Viking violated the FDCPA.

116. **Commonality of Factual Issues**: The common factual issues common to each Class member are:

a. Whether Viking contacted them in Rhode Island while attempting to collect a debt;

b. Whether the debt was a consumer debt; and

c. Whether Viking had a debt collection license from the Rhode Island DBR when it contacted them;

d. The appropriate measure of damages for the Class members if Viking violated the FDCPA; and

20

  e. The appropriate remedy to stop Viking from violating the FDCPA in the future.

117. **Typicality**: The Plaintiff's claim in this Count, that Viking attempted to collect the Debt from him while it lacked a debt collection license from the Rhode Island DBR, is typical of the claims of all Class members, is based on the same legal and remedial theories of the claims of all Class members, and arises from the same course of conduct Viking used in all of the claims by Class members.

118. **Adequacy**: The Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution and administration of all matters related to this Count because:

  a. The Plaintiff is similarly situated with, and has suffered a similar injury to, each Class member he seeks to represent; and

  b. The Plaintiff has retained counsel experienced with FDCPA matters and who can draw on the resources of attorneys experienced in class action cases; and

  c. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

119. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy since:

  a. Joinder of the Class is impracticable; and

b. Individual Class members, many of whom were apparently in such financial straits a debt collection agency like Viking was pursuing them, might not be able to afford to litigate their claims on an individual basis; and

c. Even if they could afford to litigate individually, it would be unduly burdensome on the Court to have to decide the same legal issue again and again in multiple lawsuits.

120. Class Certification is appropriate under Rule 23.

**Wherefore,** the Plaintiff requests judgment against Viking for actual damages for each class member pursuant to 28 USC 1692(k)(a)(1), statutory damages for each class member in the amount of the lesser of $500,000 or 1% of Viking's net worth pursuant to 28 USC 1692(k)(a)(2)(B), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), a declaratory judgment stating Viking violates the FDCPA when it attempts to collect consumer debts from people in Rhode Island while it lacks a license issued by the Rhode Island DBR, and for such other relief as the Court may deem just and appropriate.

The Plaintiff,
By Counsel,

John T. Longo, Esq./#4928
Citadel Consumer Litigation, P.C.
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@citadelpc.com

### Jury Demand

The Plaintiff demands a trial by jury on each and every count.

_____
John T. Longo, Esq./#4928

My File #: FD 3204